James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
Kilmer, Voorhees & Laurick, P.C.
732 NW 19th Avenue
Portland, Oregon 97209
Telephone: (503) 224-0055
Fax: (503) 222-5290

Attorneys for Counterclaim Defendant
Bank of America, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>DOUGLAS A. JAMES; EILEEN JAMES; VILLAGE ESTATES CONDOMINIUM OWNERS ASSOCIATION and ALL OTHER PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE, LIEN, OR IN THE REAL PROPERTY COMMONLY KNOWN AS 30366 SW RUTH STREET #70, WILSONVILLE, OR 97070**,**<br><br>    Defendants. | Case No. 3:16-cv-02233-PK<br><br>**BANK OF AMERICA, N.A.'S MOTION TO DISMISS COUNTERCLAIMANTS' COUNTERCLAIMS** |
| DOUGLAS A. JAMES and EILEEN JAMES;<br><br>    Counterclaimants,<br><br>    v.<br><br>BANK OF AMERICA, N.A.,<br><br>    Counterclaim Defendant. | |

Page  1 -  **BANK OF AMERICA, N.A.'S MOTION TO DISMISS COUNTERCLAIMANTS' COUNTERCLAIMS**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

## LOCAL RULE 7–1 CERTIFICATION

Counsel for Counterclaim Defendant Bank of America, N.A. ("BANA") certifies that in compliance with Oregon Local Rule 7.1(a), good faith efforts were made to contact and discuss this motion with Counterclaimants, and the Counterclaimants oppose this motion.

## MOTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff/Counterclaim Defendant Bank of America, N.A. (hereinafter "BANA"), respectfully moves this Court to dismiss Defendants/Counterclaimants' Douglas A. James and Eileen James (hereinafter "Defendants") claims against it in the Answer, Affirmative Defenses and Counterclaims to Judicial Foreclosure Complaint ("Counterclaims") for failure to state a claim upon which relief can be granted. In support of this Motion, BANA relies upon the pleadings and documents on file and the supporting Memorandum below.

### I.    INTRODUCTION

Defendants' Counterclaims are another attempt to avoid the consequences of their own actions, namely the failure to pay their Mortgage. Defendants executed a Note and Deed of Trust ("Deed of Trust" or "Mortgage") connected to the subject Property and defaulted on their loan obligations. Defendants now contend that because the Note connected to the current foreclosure action has an additional endorsement, the Note is fraudulent and void. Defendants' claims fail on their face for several reasons. As an initial matter, the criminal statutes they cite do not permit civil enforcement or recovery. Moreover, the one stated claim, for a declaratory judgment, fails to state a claim for which relief can be granted, as it is not a standalone cause of action. Because of these fatal defects, the Counterclaims must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

Page  2 -  **BANK OF AMERICA, N.A.'S MOTION TO DISMISS COUNTERCLAIMANTS' COUNTERCLAIMS**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

## II.     FACTUAL BACKGROUND

On June 19, 2007, Douglas A. James executed a Note for the principal amount of $346,438.00.  Compl. Ex. 3.  On the same day Douglas A. James and Eileen James executed a Deed of Trust for the property commonly referred to as 30366 SW Ruth Street #70, Wilsonville, OR 97070 ("Property").  Compl. Ex. 2. The original lender was Northwest Mortgage Group, Inc. MERS was the stated nominee acting for the lender and as beneficiary.  The Note is endorsed in blank, converting it to a bearer-instrument, and BANA is the bearer of the Note, entitled to possession.  *Id.*  Defendants defaulted on their obligations under the Mortgage and Note by failing to make payments when due.

After Defendants default, BANA sent Defendants a Notice of Acceleration providing Defendants with the opportunity to cure the default.  Defendants failed to cure the default.

### A.  Prior Litigation

On February 14, 2011, Defendants filed a Complaint for Wrongful Foreclosure & Declaratory Judgment in the Circuit Court of the State of Oregon for the County of Clackamas, Case No. CV11020389, entitled Douglas A. James and Eileen M. James, Husband and Wife v. BAC Home Loans Servicing Limited Partnership, et al.  The Prior Litigation centered on allegedly wrongful conduct in the non-judicial foreclosure process, regarding MERS' authority to appoint a successor trustee.  *See* Complaint, Case No. CV11020389.  On March 16, 2011, the Defendants in the prior action removed the matter to the U.S. District Court, District of Oregon Portland Division, Docket No. 3:11-cv-00324-SI.  *See Notice of Removal,* Dkt.1.  On March 25, 2014, the Court entered a text Order, finding that the matter was settled and dismissed with prejudice.

Page  3 -  **BANK OF AMERICA, N.A.'S MOTION TO DISMISS COUNTERCLAIMANTS' COUNTERCLAIMS**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

### B. Current Litigation

Defendants failed to cure the default. On October 12, 2016, BANA filed a Foreclosure Complaint. Within thirty days of service, Defendants removed the matter to the United States District Court for the District of Oregon, Portland Division. On December 28, 2017, Defendants filed their Answer, Affirmative Defenses, and Counterclaims.

Defendants' Counterclaims allege that a Note provided during the prior litigation does not contain the same endorsement as the Note provided in the 2016 Foreclosure Complaint. *See generally* Counterclaims. As a result of the allegedly different endorsements, Defendants make several criminal allegations related to forgery and possession of a forged document, but do not attempt to state a cause of action based on these allegations. *Id.* Defendants assert only one cause of action for Declaratory Judgment. *Id.* As described in more detail below, Defendants' allegations and Counterclaims are meritless and must be dismissed with prejudice.

### III. STANDARD OF REVIEW

The Court must dismiss the Complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, Defendants/Counterclaimants must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint must allege "more than labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do"). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). This "plausibility standard" is not a "probability requirement" but rather "asks for more than a sheer possibility that a defendant has acted

Page 4 - **BANK OF AMERICA, N.A.'S MOTION TO DISMISS COUNTERCLAIMANTS' COUNTERCLAIMS**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

unlawfully." *Id*. Accordingly, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility entitled to relief." *Id*. Thus, a Defendants/Counterclaimants' factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S. Ct. at 1964-965) (emphasis in original).

## IV.  LEGAL ARGUMENT

### a.  Criminal Statutes Are Not Actionable For Civil Enforcement or Recovery.

Defendants' Answer, Affirmative Defenses, and Counterclaims include several factual allegations in the "Facts Common To All Affirmative Defenses" section. *See* Counterclaim, §II. Within this section, Defendants make several allegations that BANA violated/is in violation of Oregon Criminal statutes for "Criminal Forgery (First Degree)" and "Criminal Possession of Forged Instrument." *Id.* These alleged violations center on Defendants' argument that the Note connected to the Prior Litigation did not contain an endorsement that is located on the Note attached to the instant Foreclosure Action. *Id.* To the extent that Defendants are attempting to assert affirmative causes of action against BANA for criminal acts, the clams fail as a matter of law and must be dismissed with prejudice.

First, the fact that the Note attached to the 2011 Action included a copy of the Note with an unsigned blank endorsement and the Note attached to the Foreclosure Complaint in the instant matter includes a signed endorsement, does not imply forgery or fraud. Specifically, as this matter continues, BANA will demonstrate that it is the rightful holder of the Note by way of that endorsement. Moreover, what likely happened is an incomplete copy of the Note was attached

Page  5 -  **BANK OF AMERICA, N.A.'S MOTION TO DISMISS COUNTERCLAIMANTS' COUNTERCLAIMS**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

to the prior action, which resulted in no prejudice to the Defendants as the prior matter was resolved. Moreover, as demonstrated in the Complaint in this case, BANA is the real party in interest and the proper holder of the Note with the right to Foreclose as Defendants breached their loan obligations.

Second, to the extent that Defendants are attempting to assert a private cause of action for civil remedies to Oregon's criminal statutes for forgery (ORS 165.002(1); ORS 165.0013) and criminal possession of a forged instrument (ORS 165.022), the claims fail as a matter of law as there is no private cause of action for forgery or criminal possession of a forged document. *See* ORS 165.002(1); ORS 165.0013; ORS 165.022. The criminal statutes cited by Defendants are not enforceable through civil remedies. There are no civil causes of action for forgery in the first degree or criminal possession of a forged document. Accordingly, to the extent Defendants intended the allegations to be causes of action, they fail as a matter of law and must be dismissed.

### b. Declaratory Judgment Counterclaim Fails As A Matter Of Law Because It Is Not A Valid Cause Of Action.

Defendants have stated one counterclaim for a declaratory judgment alleging that Defendants are entitled to declaratory judgment because BANA does not have a right to foreclose on the Property. Counterclaims, ¶¶ 37-43. Defendants' one stated counterclaim for a declaratory judgment fails as a matter of law because declaratory relief is a remedy, not an independent cause of action. *See Morongo Band of Mission Indians v. California State Bd. of Equalization,* 849 F.2d 1197, 1201 (9th Cir. 1988) ("The Declaratory Judgment Act merely creates a remedy in cases otherwise within the court's jurisdiction; it does not constitute an independent basis for jurisdiction."). As there is no other stated Counterclaim, Defendants'

Page 6 - **BANK OF AMERICA, N.A.'S MOTION TO DISMISS COUNTERCLAIMANTS' COUNTERCLAIMS**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Counterclaim fails as a matter of law. To the extent, the criminal allegations were asserted as causes of action, the declaratory judgment cause of action still fails because the criminal allegations fail to state a civil cause of action as explained in more detail above. With no viable cause of action, Defendants are not entitled to any remedy, much less one for declaratory relief.

### c. Defendants' Declaratory Judgment Action Fails Even If It Was A Valid Cause Of Action.

Additionally, Defendants/Counterclaimants' counterclaim for declaratory relief is insufficient because it fails to identify any justiciable controversy; that is, the complaint must allege "the existence of an actual controversy relating to the legal rights and duties of the parties." *Dry Canyon Farms v. U.S. National Bank of Oregon,* 84 Or. App. 686, 689, 735 P2d 620 (1987). For there to be a justiciable controversy, there must be "a sufficient practical need for the determination of the matter" under "an accrued state of facts as opposed to hypothetical state of facts." *Mitchell Bros. Truck Lines v. Lexington Ins. Co.*, 287 Or. 217, 220, 598 P.2d 294 (1977) (*citing* 1 Anderson, Declaratory Judgments, § 9 (1972 Supp.)). This standard is the same in a case brought under the federal Declaratory Judgment Act. *See* 28 U.S.C. § 2201(a); *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (declaratory relief is limited to "case[s] of actual controversy"). A justiciable controversy requires "the court's decision in the matter [to] have some practical effect on the rights of the parties to the controversy." *Brumnett v. PSRB,* 315 Or. 402, 405, 848 P.2d 1194 (1993). In other words, some useful purpose must be achieved in deciding the controversy. *Pub. Serv. Comm'n of Utah v. Wycoff Co*., 344 U.S. 237, 244, 73 S. Ct. 236 (1952). To meet this requirement, Defendants/Counterclaimants must plead facts establishing that they have suffered an "actual or imminent" "injury in fact." *Peebler v. Reno*, 965 F. Supp. 28, 30 (D. Or. 1997) (quoting, in part,

Page  7 -  **BANK OF AMERICA, N.A.'S MOTION TO DISMISS COUNTERCLAIMANTS' COUNTERCLAIMS**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130 (1992)). Furthermore, there must be a causal connection between the alleged injury and the conduct complained of. *Am.-Arab Anti-Discrimination Comm. v. Thornburgh*, 970 F.2d 501, 506, 510 (9th Cir. 1991); *Vannatta v. Keisling*, 899 F. Supp. 488, 493 (D. Or. July 13, 1995). That "actual or imminent" injury has to be "fairly traceable" to the actions of the defendants. *Peebler*, 965 F. Supp. At 30.

Here, Defendants cannot meet this standard. Defendants' alleged injury is the potential loss of the Property. More importantly, a foreclosure sale being instituted is the natural consequence of Defendants' default in not repaying their mortgage loan. It is a remedy that Defendants contractually authorized, but now seek to avoid through litigation. Therefore, there is no causal connection complained of and the alleged injury. Under the facts pleaded, the Court should dismiss the cause of action.

## V.    CONCLUSION

In an attempt to further delay this action, Counterclaimant files these improper Counterclaims. Given the nature of the aforementioned deficiencies, there is no basis upon which Counterclaimants can cure these defects. For the foregoing reasons, the Counterclaimants fail to state a claim upon which relief may be granted and the Counterclaims must be dismissed without leave to amend.

DATED: February 13, 2017.

KILMER VOORHEES & LAURICK, P.C.

*/s/ James P. Laurick*
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
732 NW 19th Avenue
Portland, OR  97209
Phone No.: (503) 224-0055
Fax No.: (503) 222-5290
Of Attorneys for Counterclaim Defendant
Bank of America, N.A.

Page  8 -  **BANK OF AMERICA, N.A.'S MOTION TO DISMISS COUNTERCLAIMANTS' COUNTERCLAIMS**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

## CERTIFICATE OF SERVICE

I certify that on this 13th day of February, 2017, the foregoing **BANK OF AMERICA, N.A.'S MOTION TO DISMISS COUNTERCLAIMANTS' COUNTERCLAIMS** will be served in accordance with the Court's CM/ECF system which will send notification of such filing by notice via email to the ECF participants of record a true copy of the foregoing document.

KILMER VOORHEES & LAURICK, P.C.

*/s/ James P. Laurick*
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
732 NW 19th Avenue
Portland, OR  97209
Phone No.:  (503) 224-0055
Fax No.:  (503) 222-5290
Of Attorneys for Counterclaim Defendant
Bank of America, N.A.

I:\10011\0070\Pleadings\BANA's Motion to Dismiss.docx

Page  1 -   CERTIFICATE OF SERVICE

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290