**W. Terry Scannell**, OSB No. 85322
Email: terry@scannellaw.com
7128 SW Gonzaga St. #220
Portland, Oregon 97223
Telephone: (503) 776-0806
    Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BANK OF AMERICA, N. A., <br><br>    Plaintiff, <br><br>v. <br><br>DOUGLAS A. JAMES; EILEEN JAMES; VILLAGE ESTATES CONDOMINIUM OWNERS ASSOCIATION and ALL OTHER PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE, LIEN, OR IN THE REAL PROPERTY COMMONLY KNOWN AS 30366 SW RUTH STREET #70, WILSONVILLE, OR 97070, <br><br>    Defendants, <br><br>BANK OF AMERICA, N. A., <br><br>    Counterclaim Defendant | **Civil No. 3:16-CV-02233-PK** <br><br>**DEFENDANT JAMES RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT JAMES COUNTER CLAIM FOR DECLARATORY JUDGMENT** <br><br>**ORAL ARGUMENT REQUESTED** |

/ / /

PAGE 1    **DEFENDANT JAMES RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT JAMES COUNTER CLAIM FOR DECLARATORY JUDGMENT**

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon 97223
Telephone: (503) 776-0806

## I.    INTRODUCTION

Before the Court is Plaintiff Bank of America, N.A.'s (BANA) Motion to Dismiss ("MTD") Defendants James' ("James") counterclaim for Declaratory Judgment under FRCP 12(b)(6).  In its Motion to Dismiss, BANA sets up a "strawman" to knock down.  That argument is that James is attempting to make claims under various Oregon criminal statutes.  Nothing can be further from reality.  These facts are stated for the underpinning of the affirmative defenses and the one single claim for declaratory judgment.  James asks the Court to ignore this attempted diversion by BANA.  Further, BANA makes yet another diversionary argument.  That being that there was prior litigation between the parties and that somehow James' defense is barred.  The facts are that the defenses raised here are not part of the same transaction or occurrence.

What James has asked the Court for is a judicial determination declaring the legal rights and obligations of the parties to this controversy.  These legal rights and obligations include, but are not limited to, a judicial review to determine if (1) the Note BANA seeks to enforce is forged; (2) whether BANA is the proper party to foreclose; and (3) any other relief the Court finds just and proper.

BANA seeks to dismiss under FRCP 12(b)(6) because; (1) the criminal statutes cited by James do not permit civil enforcement; and (2) James request for declaratory judgment fails to state a claim for which relief can be granted.

James Responds to BANA's MTD asserting that a justiciable controversy exists as to whether the Note BANA seeks to enforce is "enforceable" given the apparently forged endorsement.  This dispute must be decided by the Court first in order that it can then determine if BANA is the proper party to enforce the Note.

PAGE 2    **DEFENDANT JAMES RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT JAMES COUNTER CLAIM FOR DECLARATORY JUDGMENT**

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon  97223
Telephone:  (503) 776-0806

## II.     LEGAL STANDARD

### A. Motion to Dismiss Under FRCP 12(b)(6)

A complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The complaint must contain allegations that demonstrate "more than a sheer possibility" that the defendant is liable. Id.  If the factual allegations plausibly give rise to the relief sought, a court shall deny the motion to dismiss. Id. at 1950. Dismissal under FRCP 12b(6) is proper only where there is an absence of sufficient facts alleged to support a cognizable legal theory or there is no recognized legal theory.  *Shroyer v. New Cingular Wireless Servs*., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010). Rule 8 does not require a high standard for the purposes of pleading; historically this has been called notice pleading, *Conley v. Gibson*, 355 U.S. 41, 47 (1957), but a trend toward plausibility has been enacted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546, 127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007).

The standard was more specifically enunciated by Chief Judge Aiken of this court who set forth the standard for the court's consideration of a motion to dismiss in *Gambee v. Cornelius,* No. 10–CV–6265–AA, 2011 WL 1311782 (D.Or. Apr. 1, 2011) (Aiken, C.J.). Judge Aiken observed: "Under Fed.R.Civ.P. 12(b)(6), a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true." *Daniels–Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir.2010). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir.2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

PAGE 3      **DEFENDANT JAMES RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT JAMES COUNTER CLAIM FOR DECLARATORY JUDGMENT**

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon  97223
Telephone:  (503) 776-0806

alleged." *Ashcroft v. Iqbal* [556 U.S. 662], 129 S.Ct. 1937, 1949 [173 L.Ed.2d 868] (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563[, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929] (2007). "[G]enerally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint." *Daniels–Hall*, 629 F.3d at 998. *Garcia v. Fannie Mae*, 794 F. Supp. 2d 1155, 1161 (D. Or. 2011) Emphasis added.)

### III.    RESPONSE TO FACTUAL BACKGROUND

#### A. Prior Litigation

BANA's reference to James' prior litigation is a red herring as well. The issues in the prior case involved what had occurred prior to that case being filed in march of 2011. The allegations in this case and the accompanying counter claim involved actions by BANA that have occurs since that time. For this reason, the matters do not in fact involve the same transaction or occurrence.

In a 2012 case, the Oregon Court of Appeals referred to the "expansive transactional approach" under which "claim preclusion bars not only claims that have been actually litigated, but any claim arising out of the same transaction or series of connected transactions." *Lucas v. Lake city*., 253 or. App. 39, 54, 289 p.3d 320, 329 (2012) (internal quotation marks and brackets omitted). Turning to the more specific issue of what constitutes the same "transaction," the court explained that "[i]n determining whether a set of facts constitutes a single transaction, we ... Rely on the approach expressed in section 24(2) of the restatement, which gives weight to such considerations as whether the facts are related in time, space, origin, or motivation and whether they form a convenient trial unit." Id.

PAGE 4    **DEFENDANT JAMES RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT JAMES COUNTER CLAIM FOR DECLARATORY JUDGMENT**

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon  97223
Telephone:  (503) 776-0806

The Plaintiff's attempt to hint but not actually argue that claim preclusion should somehow apply are without any merit. The actions complained of here could not have been litigated in 2011 for the simple reason that they either had not occurred yet or could not have been discovered until the filing of the complaint on October 10, 2016.

### B. The Promissory Notes

There are two Notes at the center of James' declaratory judgment claim. Note One (Exhibit B to the Declaration of Gary Gosha) was represented by BANA to James as a "true" copy of the Note it intended to enforce as part of its statutory requirement under Oregon Foreclosure Avoidance Program (OFAP) in 2014 and 2015. ORS 86.729(4)((b)(ii) states that the beneficiary (BANA) must produce "The promissory note that is evidence of the obligation that the residential trust deed secures and that the beneficiary or beneficiary's agent certifies is a true copy" . Note One has a failed endorsement on page three of the document. The endorsement is in "blank" but it is missing a written signature rendering the endorsement void under UCC 3.

Note Two (Exhibit C to the Declaration of Gary Gosha and Plaintiff's Complaint Exhibit 3) was attached to BANA's Complaint as evidence of its authority to foreclose in this case. Note Two has a new special endorsement on page three of the document that was not present on page three of Note One. Note Two's endorsement is not "in blank" because it is specially endorsed to Countrywide Bank, N.A. Note Two's endorsement also has a new signature that was missing from Note One.

//
//
//

PAGE 5   **DEFENDANT JAMES RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT JAMES COUNTER CLAIM FOR DECLARATORY JUDGMENT**

Terry Scannell
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon 97223
Telephone: (503) 776-0806

Between the time BANA represented to James that Note One was a "true" copy as required under ORS 86.729(4)((b)(ii)[1], the Note was altered and a new endorsement added. "Who" altered the Note is not known. "Why" the Note was altered is apparent. Only a party with the right to enforce the Note can foreclose. Since the prior Notes had incomplete endorsements, they were unenforceable.

## IV.     LEGAL ANALYSIS

### A. Civil Action on Criminal Statutes

As stated in the introduction, no claims are being made based on Oregon criminal law. No more needs to be discussed on that issue. The Defendant wishes, however, to point to one other section of the Plaintiff's argument. The Plaintiff, without producing one shred of evidence, argues that, "..what likely happened is an incomplete copy of the Note was attached to the prior action, which resulted in no prejudice to the Defendant as the prior matter was resolved." *Memorandum In Support*, bottom of page 5 – top of page 6. This type of argument has no place in a motion to dismiss. In fact, the argument is an admission and demonstrates that there are significant issues which must be allowed to proceed through the discovery phase to see just why an "incomplete copy of the Note" found its way into the case at all.

### B. Declaratory Judgment Action Not the Sole Basis of Jurisdiction

The Plaintiff cites to *Morongo Band of Mission Indians v. California State Bd. of Equalization,* 849 F2d 1197, 1201 (9th Cir 1988). The Plaintiff argues that based on the rule in

---

[1] The use of the Note in the Oregon Foreclosure Avoidance Program also likely sets up a Judicial Estoppel Defense as well.

PAGE 6    DEFENDANT JAMES RESPONSE TO
PLAINTIFF'S MOTION TO DISMISS
DEFENDANT JAMES COUNTER CLAIM
FOR DECLARATORY JUDGMENT

Terry Scannell
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon 97223
Telephone: (503) 776-0806

*Morongo* the Defendant has not stated a "valid cause of action." *Plaintiff's Memorandum in Support*, at Page 6. In fact, the rule of *Morongo* is that the Federal Declaratory Judgment Statute cannot be used as a basis of federal jurisdiction. The case at bar does not depend on that statute for jurisdiction. Rather, jurisdiction in this matter is based on 28 U.S.C.A. §1332, diversity of citizenship. For this reason, James is unclear exactly what it is that the Plaintiff is arguing. What is more, the *Morongo Band of Mission Indians* case has in fact been both withdrawn and superseded, 858 F2d 1376 (9th Cir 1988).

A case that is more relevant to the question that the Plaintiff appears to raise is *Budget Rent-A-Car, Inc. v. Higashiguchi,* 109 F3d 1471, 1472 (9th Cir 1997). In the Budget Rent-A-Car case, Budget alleged that subject matter jurisdiction existed pursuant to 28 U.S.C.A. §1332 (1993). Budget was a Delaware Corporation with its principal place of business in Illinois. Defendant Alan Stauber and Defendant Tammie Deponte were citizens of California. Higashiguchis were citizens of Hawaii. Therefore, diversity of citizenship did exist. Budget brought only a federal declaratory judgment action. The trial court dismissed the action for lack of subject matter jurisdiction finding that Budget had not met the $50,000 minimum needed at that time for diversity jurisdiction. The Ninth Circuit reversed.

C. Defendant's Declaratory Judgment Action Does Not "Fail"

The balance of the Plaintiff's Memorandum seems to argue that because James has not paid his mortgage and that he contractually agreed to foreclosure as a remedy, there is "no causal connection" between the behavior complained of and the "alleged injury." *Memorandum in Support,* Page 8. What this argument means or what legal basis it has is not knowable to the

Defendant.  It seems to suggest that foreclosing with a forged Note should not be actionable by a homeowner like James.

First, this argument ignores Section 16 of the Deed of Trust which says that it is subject to all federal and local laws in which the property is located and that "all rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law."   For this reason, any efforts by the Lender to foreclose must be done in accordance with the law.  Attempting to foreclose with forged documents does not comply with that term of the Deed of Trust.  Second, the Defendant argues that there is no justiciable controversy.  *Memorandum in Support*, Page 7.   The definition of a justiciable controversy is well understood:

> A "controversy" in this sense must be one that is appropriate for judicial determination. … A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. … The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. … It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. … Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages. … And as it is not essential to the exercise of the judicial power that an injunction be sought, allegations that irreparable injury is threatened are not required. (Internal Quotes Omitted.) Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 US 227, 240–41, 57 S Ct 461, 464, 81 L Ed 617 (1937).

PAGE 8     **DEFENDANT JAMES RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT JAMES COUNTER CLAIM FOR DECLARATORY JUDGMENT**

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon  97223
Telephone:  (503) 776-0806

What is hard to understand, is how the Plaintiff can argue that an effort to take someone's home using forged document could not be a justiciable controversy. The arguments of the Plaintiff on this point have no merit.

## V.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Motion to Dismiss Defendant's Counterclaim be denied.

DATED:  March 16, 2017.

/s/ Terry Scannell
Terry Scannell (OSB #853220)
7128 SW Gonzaga St., Ste. 220
Portland, Oregon 97223
Tel: (503) 776-0806
E-mail: terry@scannellaw.com
Attorney for Defendants

PAGE 9   DEFENDANT JAMES RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT JAMES COUNTER CLAIM FOR DECLARATORY JUDGMENT

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon  97223
Telephone:  (503) 776-0806

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2017, I electronically filed the foregoing document and the attached Declaration of Gary Gosha in Support of Defendant James Response to Plaintiff's Motion to Dismiss Defendant James Counterclaim for Declaratory Judgment with the United States District Court using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system.

DATED: Thursday, March 16, 2017

/s/ Terry Scannell
Terry Scannell, OSB #853220
7128 SW Gonzaga Street, Suite 220
Portland, OR 97223
T: 503-789-6866
E: terry@scannellaw.com
Attorney for Defendants

PAGE 10   DEFENDANT JAMES RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT JAMES COUNTER CLAIM FOR DECLARATORY JUDGMENT

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon 97223
Telephone: (503) 776-0806