James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
Kilmer, Voorhees & Laurick, P.C.
732 NW 19th Avenue
Portland, Oregon 97209
Telephone: (503) 224-0055
Fax: (503) 222-5290

Attorneys for Counterclaim Defendant
Bank of America, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>    Plaintiff,<br><br>  v.<br><br>DOUGLAS A. JAMES; EILEEN JAMES; VILLAGE ESTATES CONDOMINIUM OWNERS ASSOCIATION and ALL OTHER PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE, LIEN, OR IN THE REAL PROPERTY COMMONLY KNOWN AS 30366 SW RUTH STREET #70, WILSONVILLE, OR 97070**,**<br><br>    Defendants. | Case No. 3:16-cv-02233-PK<br><br>**REPLY IN SUPPORT OF BANK OF AMERICA'S MOTION TO DISMISS THE COUNTERCLAIMANTS' COUNTERCLAIMS** |
| DOUGLAS A. JAMES and EILEEN JAMES;<br><br>    Counterclaimants,<br><br>  v.<br><br>BANK OF AMERICA, N.A.,<br><br>    Counterclaim Defendant. | |

Page 1 - **REPLY IN SUPPORT OF BANK OF AMERICA'S MOTION TO DISMISS THE COUNTERCLAIMANTS' COUNTERCLAIMS**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

# REPLY IN SUPPORT OF BANK OF AMERICA'S MOTION TO DISMISS THE COUNTERCLAIMANT'S COUNTERCLAIMS

NOW comes Bank of America, N.A. ("BANA"), and files this Reply in Support of its Motion to Dismiss the Counterclaims filed by Douglas A. James and Eileen James ("Defendants/Counterclaimants"), and in support thereof states as follows:

## I. INTRODUCTION

Defendants/Counterclaimants filed the current Counterclaim against BANA in an effort to excuse themselves from the consequences of their actions in failing to pay their Mortgage. Defendants/Counterclaimants do not contest that they executed a valid Note and Deed in connection with their Property or that they defaulted under the terms of the Mortgage Loan. Instead, the Defendants/Counterclaimants filed a single stand-alone counterclaim for declaratory relief asserting that the Note attached to BANA's Complaint for judicial foreclosure is not identical to a copy of the Note that was previously provided in connection with a previous non-judicial foreclosure that was ultimately settled and dismissed with prejudice in 2014. Because of the difference in the Notes, Defendants/Counterclaimants assert that they are entitled to a declaration that the Note submitted in connection with the current judicial foreclosure proceeding is void. The Counterclaim for Declaratory Judgment is not only meritless, but, as stated in BANA's Motion to Dismiss, cannot survive as a stand-alone claim.

## II. ARGUMENT

### A. Defendants/Counterclaimants Concede That They Cannot Bring a Cause of Action to Enforce a Criminal Statute.

Defendants/Counterclaimants' counterclaim, although not a model of clarity, appeared to attempt to assert a private cause of action for civil remedies to enforce Oregon's criminal statutes for forgery. Defendants/Counterclaimants, however, concede in their Response to BANA's Motion to Dismiss that they are not attempting to enforce those statutes civilly through their

Page 2 - **REPLY IN SUPPORT OF BANK OF AMERICA'S MOTION TO DISMISS THE COUNTERCLAIMANTS' COUNTERCLAIMS**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

counterclaim. (Resp. pp. 2 and 6). That being the case, to the extent that the Defendants/Counterclaimants' counterclaim appears to assert such an attempt at private enforcement, it must be dismissed, as conceded by the Defendants/Counterclaimants.

**B.     It is Well-Established Law That a Claim for Declaratory Relief Cannot Be Maintained as an Independent Cause of Action.**

As stated previously in BANA's Motion to Dismiss, Defendants' one counterclaim for a declaratory judgment fails as a matter of law because declaratory relief is a remedy, not an independent cause of action. *See Morongo Band of Mission Indians v. California State Bd. of Equalization,* 849 F.2d 1197, 1201 (9th Cir. 1988) ("The Declaratory Judgment Act merely creates a remedy in cases otherwise within the court's jurisdiction; it does not constitute an independent basis for jurisdiction."). As there is no other stated Counterclaim, Defendants' Counterclaim fails as a matter of law.

In their response, Defendants/Counterclaimants criticize BANA's use of the *Morongo Band of Mission Indians* case to argue that their counterclaim does not constitute an independent cause of action because that case also dealt with whether the Federal Declaratory Judgment Act provided an independent basis for federal jurisdiction. (Resp. p. 7). Defendants/Counterclaimants argue that *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F3d 1471 (9th Circ. 1997) is more suited to this matter. (Resp. p. 7). Defendants/Counterclaimants rely on *Budget* to argue that the Ninth Circuit reversed the trial court's decision that there was a lack of subject matter jurisdiction. *Id.* First, *Budget* is distinguishable from the instant matter as it raised a question of contract indemnification of a contract involving personal injuries and whether a party can aggregate their claims to reach the jurisdictional level. *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F3d 1471 (9th Circ. 1997). This case is not more persuasive as Defendants/Counterclaimants argue, because *Budget* is distinguishable.

Page 3 -  **REPLY IN SUPPORT OF BANK OF AMERICA'S MOTION TO DISMISS THE COUNTERCLAIMANTS' COUNTERCLAIMS**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Second, Defendants/Counterclaimants argument ignores the myriad of cases finding that there can be no independent claim for declaratory relief. *See Builders Ass'n of N. Nevada v. City of Reno,* 105 Nev. 368, 369, 776 P.2d 1234, 1234 (1989) ("The Uniform Declaratory Judgments Act does not establish a new cause of action or grant jurisdiction to the court when it would not otherwise exist. [citation omitted]. Instead, the Act merely authorizes a new form of relief, which in some cases will provide a fuller and more adequate remedy than that which existed under common law."); *Fox-Quamme v. Health Net Health Plan of Oregon, Inc.,* No. 3:15-CV-01248-BR, 2016 WL 1724358, at *1 (D. Or. Apr. 29, 2016) ("It is well-settled, however, that the Declaratory Judgment Act does not create a stand-alone cause of action."); *White v. Indymac Bank, FSB,* No. CV. 09-00571 DAE-KSC, 2011 WL 1483928, at *7 (D. Haw. Apr. 18, 2011) ("Finally, declaratory relief is not a cognizable independent cause of action.").

As explained by the District Court for the Western District of Washington, "the court cannot grant declaratory relief in the absence of a substantive cause of action. If Plaintiffs want the court to determine who their creditors are, they must demonstrate that some substantive law gives them a right to know this information. The Declaratory Judgment Act creates only a remedy, not a cause of action. Plaintiffs might have a claim for declaratory relief if they could properly plead a cause of action that establishes that they have a legal right to the information they seek." *Bisson v. Bank of Am., N.A.,* 919 F. Supp. 2d 1130, 1139–40 (W.D. Wash. 2013).

The Defendants/Counterclaimants do not identify any substantive law that would give them the right they seek in declaratory relief. For that reason alone, Defendants/Counterclaimants' sole cause of action for declaratory relief must fail as a matter of law.

/ / /

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

### C. Despite the Opposition, Defendants/Counterclaimants' Allegations of Fraud Are Meritless and Nothing More Than a Red Herring.

Despite the fact that the Defendants/Counterclaimants submit two different copies of the Note, there is no basis for determining that any such differences were occasioned by fraud or forgery. Perhaps noticing the lack of specificity with which they are able to articulate their assertions of fraudulent conduct, they instead opted to attempt an end run around the requirements for asserting a valid fraud claim under Oregon law. Their allegations regarding fraud are their own attempt at a red herring to avoid the consequences of their own actions, namely failing to pay their mortgage.

As BANA asserted in its Motion, even if declaratory relief was a cause of action, and it is not, Defendants/Counterclaimants failed to identify any justiciable controversy relating to the parties. Specifically, there is no imminent injury that can be traceable to the Defendants. *Peebler v. Reno*, 965 F. Supp. 28, 30 (D. Or. 1997) (quoting, in part, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130 (1992)). The initiation of foreclosure proceedings is the contractually authorized result of Defendants/Counterclaimants not paying their mortgage. Indeed, Defendants/Counterclaimants do not allege that they in fact paid their mortgage. There is no causal connection between the actions by BANA complained of by Defendants/Counterclaimants and the alleged injury; instead, the foreclosure proceedings are a direct result of Defendants/Counterclaimants failure to perform. Under the facts pleaded Defendants/Counterclaimants declaratory judgment action fails and the Court should dismiss the cause of action.

### III. CONCLUSION

In an attempt to further delay this action, Defendants/Counterclaimants file this improper Counterclaim and the Opposition fails to save their meritless claim. For the foregoing reasons

Page 5 - **REPLY IN SUPPORT OF BANK OF AMERICA'S MOTION TO DISMISS THE COUNTERCLAIMANTS' COUNTERCLAIMS**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

and those stated in the Motion, BANA respectfully requests that this Court dismiss Defendants/Counterclaimants' single counterclaim for declaratory relief.

DATED: April 3, 2017.

KILMER VOORHEES & LAURICK, P.C.

*/s/ James P. Laurick*
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
732 NW 19th Avenue
Portland, OR 97209
Phone No.: (503) 224-0055
Fax No.: (503) 222-5290
Of Attorneys for Counterclaim Defendant
Bank of America, N.A.

Page 6 - **REPLY IN SUPPORT OF BANK OF AMERICA'S MOTION TO DISMISS THE COUNTERCLAIMANTS' COUNTERCLAIMS**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

# CERTIFICATE OF SERVICE

I certify that on this 3rd day of April, 2017, the foregoing **REPLY IN SUPPORT OF BANK OF AMERICA'S MOTION TO DISMISS THE COUNTERCLAIMANTS' COUNTERCLAIMS** will be served in accordance with the Court's CM/ECF system which will send notification of such filing by notice via email to the ECF participants of record a true copy of the foregoing document.

KILMER VOORHEES & LAURICK, P.C.

*/s/ James P. Laurick*
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
732 NW 19th Avenue
Portland, OR 97209
Phone No.: (503) 224-0055
Fax No.: (503) 222-5290
Of Attorneys for Counterclaim Defendant
Bank of America, N.A.
I:\10011\0070\Pleadings\BANA's Reply ISO Motion to Dismiss.docx

Page 1 - CERTIFICATE OF SERVICE

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290